[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This is an action for dissolution of marriage on the ground of an irretrievable breakdown commenced by the plaintiff wife on October 11, 1999. A trial was held on the complaint on January 3, 2001. Both the plaintiff, who was represented by counsel, and the defendant, who filed a pro se appearance, were present and testified. Additionally, testimony was received from Joseph Marino who is the business manager at the defendant's place of employment. After considering the evidence presented, and carefully weighing the credibility of the witnesses, the court finds the following facts to have been proven.
The parties were intermarried at Enfield, Connecticut on August 29, 1992. There are three minor children issue of this marriage: Morgan, born April 11, 1994, Tyler, born November 14, 1995, and Mitchell, Born May 2, 1998. No other minor children have been born to the plaintiff-wife since the date of the marriage. The parties resided continuously within the State of Connecticut for more than twelve months preceding the date of the complaint. Based upon these facts, the court finds that it has jurisdiction over the marriage as well as the parties and that all statutory stays have expired.
Over the past year, the plaintiff received limited assistance from the State of Connecticut in the form of health insurance for the minor children through the HUSKY program, as well as fuel assistance and some assistance through the Women, Infants and Children program. The office of the Attorney General filed an appearance but did not attend the trial.
The plaintiff, who appears to be in good health, has an associate degree in liberal arts and was employed as a senior accounting manager earning approximately $21,000 per year until February 1998. At that time CT Page 534 she was pregnant with her third child and was required to leave work for health reasons. Thereafter, the parties agreed that she would stay at home to care for the children as the cost of daycare was too expensive. The plaintiff is currently unemployed but plans on returning to full time work as soon as their youngest child is in school.
The defendant, who appears to be in good health, is a high school graduate and has worked in the automobile sales business for about eighteen years. He is currently employed as a finance manager with a local automobile dealership. He has been employed in similar positions over the past few years. His income was about $60,000 in 1998 and $71,000 in 1999. The defendant is currently earning approximately $1,200 per week with a net weekly income of approximately $800.The court finds that the defendant's earning capacity at this time is at least $60,000 per year.
The plaintiff was granted Chapter 7 bankruptcy relief by the United States Bankruptcy Court, District of Connecticut, on May 9, 2000. She currently claims debts in the amount of $18,000 including $12,000 owed to her mother. However, she testified that she is not expected to repay that debt. The remainder of her claimed debts are taxes owed to the Federal Government, the State of Connecticut as well as local automobile taxes.
The plaintiff lives with the three children in housing owned and provided to her by her mother. Although her affidavit lists weekly expenses for rent, fuel and utilities, those expenses are paid or absorbed by her mother. It would appear that the plaintiff's most significant expense is the $350 per month that she pays for a car leased through her husband's former employee. There is less than one year remaining on that lease. The plaintiff's affidavit lists assets in the amount of $2,048 representing $2,000 in household furniture and $48 in a bank account.
The defendant's affidavit lists only a $750 credit card debt. However, he testified that he also owes money to the IRS, as reflected in the plaintiff's affidavit, and that he has an additional outstanding bank loan in the amount of $22,000. He lists his only assets as $40 in a checking account.
The defendant has been arrested for domestic violence directed toward his wife and he has been arrested for violating a court protective order issued by the G.A. 13 Court. Those cases are currently pending and have been referred to family relations. The defendant is currently in counseling under the supervision of family relations.
On November 15, 1999, the court (L.P. Sullivan, J.) ordered the defendant to pay pendente lite child support in the amount of $400 per CT Page 535 week. Based upon the evidence presented, the court finds that the defendant is in arrears in the amount of $5500 as of the date of trial.
While the reasons for the demise of this eight and one-half year marriage are unclear to the court, it is clear that the parties have been cooperating in their efforts to maintain positive relationships with their children. They have agreed upon a visitation schedule and both believe that they can continue to cooperate in raising the children. The court sees the incidents of domestic violence more as a consequence, or perhaps a symptom, of marital stress than the cause of it.
With the exception of issues involving alimony, the defendant stated to the court on several occasions during the trial that he was satisfied with the proposed orders submitted by the plaintiff relating to custody, visitation and the distribution of marital assets and debts.
After taking into consideration all of the criteria and factors set forth in § 46b-62, § 46b-81 and § 46b-82, and applying the same to the evidence, the court enters the following orders:
1. A decree is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown, all the allegations of the complaint having been proven true.
2. The parties are awarded joint legal custody of the minor children, Morgan Quagliaroli, Tyler Quagliaroli, and Mitchell Quagliaroli. The primary residence of the children shall be with the plaintiff-mother who shall be the custodial parent. The defendant-father shall have reasonable rights of visitation with the children. In the absence of an exigent circumstance, each visit will include all three children.
Specifically, the father shall have visitation with said minor children every other weekend from 6:00 p.m. Friday until 3:00 p.m. on Sunday. Holidays with the children shall be divided equally by the parties. Each party shall have two (2) uninterrupted weeks or fourteen (14) days with the children during the Summer months. The plaintiff's two week Summer vacation with the children shall include the Fourth of July Holiday. The defendant is to provide the plaintiff with 24-hour advanced telephone or written notice of his intent to visit with the children.
This order is not intended to modify any existing criminal protective order entered by the G.A. 13 Court.
3. Pursuant to the child support guidelines, the defendant shall pay child support for the minor children in the amount of $300 per week. He is also ordered to pay to the plaintiff an additional sum of $25 per week CT Page 536 until the $5500 which he owes for unpaid pendente lite child support has been fully satisfied. The total amount of $325 per week shall be paid through immediate wage execution. The plaintiff's child support obligations will remain in effect until each child graduates from high school or reaches the age of nineteen, whichever occurs sooner. The parents shall share all unreimbursed medical, dental, and child care expenses for the minor children with the father being responsible for 65% and the mother 35% of such unreimbursed costs.
4. The defendant shall continue to maintain health insurance through his employer for the three minor children for as long as he is obligated to support them. In the event that health care benefits become unavailable through the defendant's employer, then the plaintiff shall obtain health insurance for the children through her employer, if available. If health care insurance is not otherwise available, the custodial parent shall enroll the children in the State of Connecticut HUSKY health plan, or a comparable health plan, for so long as they remain eligible.
5. The plaintiff father shall be entitled to claim the two oldest children for State and Federal tax exemption purposes. The defendant mother shall be entitled to claim the youngest child for State and Federal tax exemption purposes.
6. Subsequent to the birth of their third child, the parties agreed that the wife could best contribute to the family's economic stability by remaining home to care for the children. That was a positive contribution to the family welfare. However, she will now have to re-enter the workplace in order to support herself and the children, and to do so she will need time and financial assistance to rehabilitate her job skills. Accordingly, the defendant shall pay periodic alimony to the plaintiff in the amount of $150 per week for four years. The alimony award shall terminate upon the death of either party, the remarriage of the plaintiff or the date of January 3, 2005.
7. The defendant shall be solely responsible for all income taxes, interest and penalties due and payable to the Federal Government and the State of Connecticut for the year 2000 and all years prior thereto, and shall hold the plaintiff harmless on same. The plaintiff shall be solely responsible for any and all motor vehicle taxes due and payable for the leased 1997 Mitsubishi Diamonte automobile, and shall hold the defendant harmless on same. Each party shall be solely responsible for all other debts and liabilities shown on their financial affidavits dated January 3, 2001. In addition, the defendant shall be solely responsible for his $22,000 loan from the New England Bank, as well as the sums currently due to the Pioneer Valley Pediatric Group for medical treatment received by CT Page 537 the children.
8. Each party shall be awarded those assets listed on their financial affidavits. Additionally, the defendant shall be entitled to the return of his personal property currently remaining in the possession of the plaintiff-wife. The defendant shall contact plaintiff's counsel to arrange for the exchange of said items.
9. The defendant has not yet completed the required Parenting Education Program mandated by statute. In order not to penalize the plaintiff, who did successfully complete the Parenting Education Program, the court is proceeding to judgement in this case but orders the defendant to successfully complete the parenting education program within sixty (60) days of the date of judgement. The court will not schedule for hearing any post judgement motion filed by the defendant involving the children unless and until the defendant completes the parenting education program.
10. Counsel for the plaintiff shall prepare and submit to the court a judgement file signed by the defendant within 30 days of this date.
________________________ J.
Terence A. Sullivan Superior Court Judge